IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD., HUAWEI INVESTMENT & HOLDING CO., LTD., HUAWEI DEVICE (HONG KONG) CO., LTD., HUAWEI TECHNOLOGIES USA, INC., HUAWEI DEVICE USA INC., HUAWEI TECHNOLOGIES COÖPERATIEF U.A., AND FUTUREWEI TECHNOLGIES, INC., <br><br> *Defendants*. | Civil Action No. 6:13-cv-679 <br><br> JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Blue Spike, LLC files this complaint against Defendants Huawei Technologies Co., Ltd., Huawei Investment & Holding Co., Ltd., Huawei Device (Hong Kong) Co., Ltd., Huawei Technologies USA, Inc., Huawei Device USA Inc., Huawei Technologies Coöperatief U.A., and Futurewei Technologies, Inc. (collectively "Huawei" or "Defendant"), and alleges infringement of U.S. Patent No. 5,745,569 (the '569 Patent or "Patent-in-Suit") titled "Method for Stega-Cipher Protection of Computer Code" as follows:

**NATURE OF THE SUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

## PARTIES

2.     Plaintiff Blue Spike, LLC is a Texas limited liability company and has its headquarters and principal place of business at 1820 Shiloh Road, Suite 1201-C, Tyler, Texas 75703. Blue Spike, LLC is the assignee of the Patent-in-Suit, and has ownership of all substantial rights in the '569 Patent, including the rights to grant sublicenses, to exclude others from using it, and to sue and obtain damages and other relief for past and future acts of patent infringement.

3.     On information and belief, Huawei Technologies Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Bantian, Longgan District, Shenzhen, 518129, China, and is a subsidiary of Huawei Investment & Holding Co., Ltd.

4.     On information and belief, Huawei Investment & Holding Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Bantian, Longgan District, Shenzhen, 518129, China.

5.     On information and belief, Huawei Device (Hong Kong) Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Bantian, Longgan District, Shenzhen, 518129, China, and is a subsidiary of Huawei Technologies Co., Ltd.

6.     On information and belief, Huawei Technologies USA, Inc. is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 5700 Tennyson Parkway, Suite #500, Plano, Texas 75024, and is a subsidiary of Huawei Technologies Coöperatief U.A. Huawei Technologies USA, Inc. may be

served through its registered agent C T Corporation System at 350 North St. Paul St., Suite 2900, Dallas, TX 75201.

7.      On information and belief, Huawei Device USA Inc. is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 5700 Tennyson Parkway, Suite #500 Plano, Texas 75024, and is a subsidiary of Huawei Device (Hong Kong) Co., Ltd. Huawei Device USA Inc. may be served through its registered agent C T Corporation System at 350 North St. Paul St., Suite 2900, Dallas, Texas 75201.

8.      On information and belief, Huawei Technologies Coöperatief U.A. is a corporation organized and existing under the laws of the Netherlands with a principal place of business at Karspeldreef 4, 1101CJ Amsterdam South, Netherlands, and is a subsidiary of Huawei Technologies Co., Ltd.

9.      On information and belief, Futurewei Technologies Inc. is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 5700 Tennyson Parkway, Suite #500, Plano, Texas 75024, and is a subsidiary of Huawei Technologies Coöperatief U.A. Futurewei Technologies Inc. may be served through its registered agent CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

10.     This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), and 1367.

11. The Court has personal jurisdiction over Defendant for at least four reasons: (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in the District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here. Thus, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

12. Venue is proper in this judicial district under 28 U.S.C. §§1391(b)–(c) and 1400(b) because Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District.

**THE ACCUSED PRODUCTS AND SERVICES**

13. Defendant designs, develops, employs, and/or manufactures Address Space Layout Randomization ("ASLR") software, systems, and/or technology. Defendant makes, uses, offers for sale and/or imports into the U.S. products, systems, and/or services including, but not limited to, its Ascend phones (such as its G312, G330, G330 U8825D, G500, G510, G526, G600, G615, Y201 Pro, Y300, P1, P1 LTE, P1S, P1 XL U9200E, P2, Mate, D1, D1 XL U9500E, D Quad, D Quad XL, D2 ), Honor 2, Permia 4G

M931, MediaPad 7 Lite, and MediaPad 10 FHD (collectively, "Accused Products"), which infringe one or more claims of the Patent-in-Suit.

14. Defendant has not sought or obtained a license for any of Blue Spike's patented technologies.

15. Yet Defendant's Accused Products are using methods, devices, and systems taught by Blue Spike's Patent-in-Suit.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 5,745,569

16. Blue Spike incorporates by reference the allegations in paragraphs 1 through 15 of this Complaint.

17. The '569 Patent is valid, is enforceable, and was duly and legally issued on April 28, 1998. A true and correct copy of the '569 Patent.

18. Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '569 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. §271.

19. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '569 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '569 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are

for use in systems that infringe the '569 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '569 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. Defendant had knowledge of the '569 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '569 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '569 Patent under 35 U.S.C. §271.

20. Defendant's acts of infringement of the '569 Patent have caused damage to Blue Spike, and Blue Spike is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. §271. Defendant's infringement of Blue Spike's exclusive rights under the '569 Patent will continue to damage Blue Spike, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

21. On information and belief, the infringement of the Patent-in-Suit by Defendant has been willful and continues to be willful. Defendant had knowledge of the Patent-in-Suit, including but not limited to at least one or more of the following:

    a. The '569 Patent is the pioneering patent and through Defendant Huawei's joint development efforts with Siemens AG that began in 2005. Siemens was well aware of the '569 patent after U.S. Patent and Trademark Examiner cited Blue Spike's '569 Patent to Siemens during the prosecution of its patent titled "Method of licensing software programs."

  b. The '569 patent has been forward-cited as prior art in connection with the examination of at least 300 subsequently-issued U.S. patents, including Microsoft in its patent titled "License-based cryptographic technique, particularly suited for use in a digital rights management system, for controlling access and use of bore resistant software objects in a client computer," Digimarc in its patent titled "Anti-piracy system for wireless telephony," AT&T in multiple patents including one of its U.S. Patent titled "Protected IP telephony calls using encryption," NEC in its U.S. Patent titled "Method and system for protecting digital data from unauthorized copying," Matsushita Electric Industrial ("MEI") in its U.S. Patent titled "Active data hiding for secure electronic media distribution"), and multiple other well-known companies and government agencies including The U.S. Army, Intertrust Technologies, Texas Instruments, Dell Products, Intel, ShieldIP, Borland Software Company, Avaya Inc., Shoretel Inc., and Syndata Technologies.

  c. Through the filing and service of this Complaint.

22. On information and belief, Defendant has at least had constructive notice of the '569 Patent by operation of law.

## REQUEST FOR RELIEF

Blue Spike incorporates each of the allegations in paragraphs 1 through 22 above and respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the Patent-in-Suit;

(b) enter a judgment awarding Blue Spike all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the Patent-

in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of one or more of the Patent-in-Suit;

(d)     issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Patent-in-Suit;

(e)     enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. §285, together with prejudgment interest; and

(f)     award Blue Spike all other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Blue Spike demands a jury trial on all issues that may be determined by a jury.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com

**GARTEISER HONEA, P.C.**
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-0828
Facsimile:  (903) 526-5477

Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone:  (415) 785-3762
Facsimile:  (415) 785-3805

*Counsel for Blue Spike LLC*

### CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 21st day of November 2013.

                  /s/ Randall T. Garteiser  
                Randall T. Garteiser