IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:13-cv-679 (Consolidated) |
| v. | § § | Lead Case |
| OPPO DIGITAL, INC., GUANGDONG OPPO ELECTRONICS INDUSTRY CO., LTD., | § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**DEFENDANT GUANGDONG OPPO ELECTRONICS INDUSTRY CO., LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND MEMORANDUM IN SUPPORT**

Guangdong Oppo Electronics Industry Co., Ltd. ("Oppo Electronics") files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for Lack of Personal Jurisdiction And Improper Venue and asks the Court to dismiss Blue Spike, LLC's ("Blue Spike") claims against Oppo Electronics.

**I.      INTRODUCTION**

Blue Spike's claims against Oppo Electronics should be dismissed as a matter of law for lack of personal jurisdiction and improper venue. Blue Spike has failed to allege a single specific fact supporting this Court's exercise of personal jurisdiction over Oppo Electronics. And, indeed, Blue Spike cannot truthfully meet its burden of establishing personal jurisdiction because Oppo Electronics has no ties to this forum and to Texas.

In its Complaint ("Complaint"), Blue Spike makes a conclusory allegation that the Court has personal jurisdiction over Oppo Electronics, generically alleging that: (1) Oppo Electronics has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Oppo Electronics regularly does business or solicits business in the District and in Texas; (3) Oppo Electronics engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas; and (4) Oppo Electronics has purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be haled into court here. Complaint, Dkt. No. 1, at ¶ 6.

This Court is not required to credit these conclusory and generic allegations, which are insufficient to establish personal jurisdiction in the Eastern District of Texas. Further, as the attached declaration of Leqin Jin establishes, these allegations are false. Indeed, no dispute exists that Oppo Electronics does not make or sell any products. Oppo Electronics does not sell any goods or services in Texas. Oppo Electronics does not have any employees, offices, or any other physical presence in Texas. Oppo Electronics has never shipped any products to Texas.

Given Oppo Electronics' complete lack of ties to this forum and to Texas, personal jurisdiction is improper under Texas's long-arm statute as well as the Constitution's due process requirements. Oppo Electronics respectfully requests that the case be dismissed for lack of personal jurisdiction and/or improper venue.

**II.     FACTS**

Blue Spike commenced this action on October 8, 2013, alleging that Oppo Electronics infringes U.S. Patent No. 5,745,569. Complaint, at ¶¶ 11-17. Without any factual support, Blue Spike alleges that this Court has personal jurisdiction over Oppo Electronics.

Oppo Electronics is a Chinese corporation which was registered in Dongguan, China in 2004 and has been doing business in China since 2004. *See* Ex. A, Declaration of Leqin Jin ("Jin Decl.") at ¶ 3. Oppo Electronics is a holding company and does not make or sell any products. *Id.* at ¶ 4.

Oppo Electronics has no presence in the state of Texas. *Id.* at ¶ 6. Oppo Electronics is not registered to do business in Texas. *Id.* It does not maintain any bank accounts in Texas. *Id.* Oppo Electronics does not sell any goods or services in the state of Texas. *Id.* It does not have any employees, offices, or any other physical presence in Texas. *Id.* Oppo Electronics does not own any property in Texas (either real property or personal property, such as computer servers), and it does not maintain any facilities or equipment in Texas. *Id.* Oppo Electronics does not sell or offer to sell any product in the state of Texas. *Id.* at ¶ 7. Electronics does not maintain any website. *Id.* at ¶ 9.

## III.   ARGUMENT AND AUTHORITIES

The Complaint should be dismissed because: (1) courts situated in Texas do not have personal jurisdiction over Oppo Electronics or, alternatively, (2) venue is improper in the Eastern District of Texas.

### 1.   This Court Has No Personal Jurisdiction over Oppo Electronics.

Whether or not a Court has personal jurisdiction over defendant in a patent infringement case is determined under Federal Circuit law. *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006). Personal jurisdiction over an out of state defendant is proper if it is permitted under the forum state's long-arm statute and the exercise of that jurisdiction comports with the due process requirements of the Constitution of the United States. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999). In interpreting a long-arm

statute, a Court defers to the forum state's highest court. *Id.* Texas's Supreme Court has interpreted its state's long arm statute as coextensive with the federal constitutional requirements of due process. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

Under the Due Process Clause of the Fourteenth Amendment, personal jurisdiction is proper if a nonresident defendant established "minimum contacts" with Texas and maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Id.*; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts can be analyzed in terms of general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984). The plaintiff bears the burden of demonstrating that the Court can exercise either general or specific jurisdiction over the defendant. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir. 2009) ("[T]he plaintiff bears the burden of proof as to whether the defendant is subject to personal jurisdiction); *Powerhouse Prods., Inc. v. Widgery*, 564 F.Supp.2d 672, 677 (E.D. Tex. 2008) ("the burden of establishing the district court's jurisdiction lies with the party seeking to invoke the court's jurisdiction"). As set forth below, Blue Spike has not, and cannot meet its burden of demonstrating either general or specific jurisdiction because Oppo Electronics has no connection to Texas whatsoever.

### a. This Court Has No General Jurisdiction over Oppo Electronics.

Oppo Electronics cannot be subject to general jurisdiction in the Eastern District of Texas because it has no presence in the State of Texas at all—let alone the "continuous and systematic" contacts necessary to subject it to general jurisdiction. General jurisdiction requires contacts well beyond the "sporadic and insubstantial." *Grober v. Mako Prods. Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012). A defendant is subject to general jurisdiction only if the defendant has had "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales*, 466 U.S. at

4

416. These continuous and systematic contacts must be so extensive as to make it fundamentally fair to require the defendant to answer in a Texas court in any litigation arising out of any transaction or occurrence taking place anywhere in the world. *Id.* at 414 (no general jurisdiction notwithstanding a trip by defendant's CEO to negotiate/conclude transaction in the forum, negotiation sessions and plant visits by defendant in the forum, more than $4 million in purchases from forum-based company, and employee training trips to forum).

Blue Spike's unfounded allegations on general personal jurisdiction are made without detail or particularity. General allegation that defendant directly infringes and that defendant knowingly and intentionally induce and contribute to others' infringement, which represents nothing more than "bare formulaic accusation" that defendant maintains sufficient contacts with the forum, is insufficient to establish personal jurisdiction. *See, AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360-1361 (Fed. Cir. 2012). Moreover, the Court is not required to credit conclusory allegations and conclusory allegations cannot support a finding of personal jurisdiction. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001) ("[T]he district court correctly held that the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."); *Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F.Supp.2d 855, 862-64 (S.D. Tex. 2007) (holding that conclusory allegations that defendant sold one or more of accused product to Texas residents, appointed at least one representative in Texas to solicit business, and advertised in trade journals circulated in forum, all offered with no details, were insufficient to establish personal jurisdiction).

To establish jurisdiction, Blue Spike alleges that Oppo Electronics regularly does business or solicits business in this District and elsewhere in Texas, engages in other persistent

courses of conduct and derives substantial revenue from products and/or services provided to individuals in the District and in Texas, and has purposefully established substantial, systematic, and continuous contacts. Complaint, at ¶ 6. Besides these generic and conclusory allegations, Blue Spike does not allege a single specific fact that would substantiate its allegations. Blue Spike makes no specific allegations as to the products, services, and/or individuals to which it refers. And Blue Spike cannot because the generic and conclusory allegations are all false.

Oppo Electronics cannot be subject to general jurisdiction in the Eastern District of Texas because it has no contact with Texas. Oppo Electronics is not registered to do business in Texas. Jin Decl. at ¶ 6. It does not maintain any bank accounts in Texas. *Id.* Oppo Electronics does not sell any goods or services in the state of Texas. *Id.* It does not have any employees, offices, or any other physical presence in Texas. *Id.* Oppo Electronics does not own any property in Texas (either real property or personal property, such as computer servers), and it does not maintain any facilities or equipment in Texas. *Id.* It does not sell or offer to sell any product in the state of Texas. *Id.* at ¶ 7. Oppo Electronics does not maintain any website. *Id.* at ¶ 9.

In sum, Oppo Electronics does not have any type of continuous and systematic contacts with Texas to support general jurisdiction.

### b. This Court Has No Specific Jurisdiction over Oppo Electronics.

Under specific jurisdiction, a defendant can only be subjected to jurisdiction when defendant has purposefully directed activities at residents of the forum and the cause of action asserted arises from, or is related to, the contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). In patent cases, the Federal Circuit has established that specific jurisdiction exists only if the following three conditions are satisfied: (1) the defendant purposefully directed its activities at the residents of the forum; (2) the alleged infringement

arose out of or is related to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *AFTG-TG, LLC.*, 689 F.3d at 1361. Not a single one of these conditions is satisfied with respect to Oppo Electronics. Again, Blue Spike makes only conclusory allegations that Oppo Electronics has committed acts of patent infringement in the State of Texas, in this judicial district, and elsewhere in the United States, directly, contributorily or by inducement. However, it fails to allege a single specific act that would substantiate its allegations. Accordingly, Oppo Electronics is not subject to specific jurisdiction in this district.

As set forth in the Jin Declaration, Oppo Electronics has not purposefully directed its activities toward the residents of Texas. Oppo Electronics does not make or sell any products. Jin Decl. at ¶ 4. Oppo Electronics does not sell any goods or services for use in Texas. *Id.* at ¶ 6. It does not have any employees, offices, or any other physical presence in Texas. *Id.* Oppo Electronics does not own any property in Texas (either real property or personal property, such as computer servers), and it does not maintain any facilities or equipment in Texas. *Id.* Oppo Electronics does not maintain any website. *Id.* at ¶ 9. Oppo Electronics' operations are based in China, and it has never sold, offered to sell, or shipped the accused products for use in Texas. *Id.* at ¶¶ 3, 7-8.

Further, because Oppo Electronics does not make or sell any products, no allegations of direct infringement could arise from its business activities. *Id.* at ¶ 4. Also, because none of Oppo Electronics' business activities have been directed to residents of this forum, Oppo Electronics has not induced or contributed to another's alleged infringement in Texas.

There is simply no connection between Oppo Electronics and Texas. Under these facts, it would be unreasonable and unfair to subject Oppo Electronics to specific jurisdiction in this forum.

### 2. Venue Is Improper in the Eastern District of Texas.

Under 28 U.S.C. § 1400(b), a civil action for patent infringement may be brought in (1) the judicial district where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. For the purpose of venue, a corporation is considered a resident of any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). If a suit is filed in the wrong venue, the court must dismiss it, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

Once again, Blue Spike relies on conclusory allegations to support its contention that venue is proper in this district. It alleges Oppo Electronics "has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District." Complaint, at ¶ 7.

Given that Oppo Electronics is not subject to personal jurisdiction in the Eastern District of Texas, it is not considered a resident of that district. As set forth above, Oppo Electronics is a Chinese corporation, has no connection whatsoever to this District and does not have a presence in this District. Oppo Electronics does not make, sell, offer to sell or ship any products to the Eastern District of Texas, has not committed any acts of infringement in the District, and is not subject to personal jurisdiction in Texas. Oppo Electronics also does not have a place of business in this district. Venue is therefore improper under 28 U.S.C. § 1400(b) and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

### IV. **CONCLUSION**

For the reasons set forth above, Oppo Electronics respectfully requests that this Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) And 12(b)(3) for lack of personal jurisdiction and improper venue and for such further relief to which it may be justly entitled.

Dated: June 30, 2014                                        Respectfully submitted,

                                                By:    /s/ Gustavo Siller, Jr.
                                                       Gustavo Siller, Jr.
                                                       Illinois State Bar No. 6186049
                                                       gsiller@brinksgilson.com
                                                       Kori Anne Bagrowski
                                                       Virginia State Bar No. 68398
                                                       kbagrowski@brinksgilson.com
                                                       Yuezhong Feng
                                                       Illinois State Bar No. 6299755
                                                       yfeng@brinksgilson.com
                                                       Brinks Gilson & Lione
                                                       455 N. Cityfront Plaza Drive
                                                       NBC Tower, Suite 3600
                                                       Chicago, IL 60611
                                                       Telephone: 312-331-4200
                                                       Facsimile: 312-321-4299

                                                       **ATTORNEYS FOR DEFENDANT
                                                       GUANGDONG OPPO ELECTRONICS
                                                       INDUSTRY CO., LTD.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of June, 2014, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                                         /s/ Yuezhong Feng
                                                         Yuezhong Feng