**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | **Civil Action No. 6:13-CV-679-MHS** |
| | § | |
| v. | § | **LEAD CASE** |
| | § | |
| **HUAWEI TECHNOLOGIES CO.,** | § | **JURY TRIAL DEMANDED** |
| **LTD.**, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S OPPOSED MOTION
TO AUTHORIZE JURISDICTIONAL DISCOVERY FROM DEFENDANT
GUANGDONG OPPO ELECTRONICS INDUSTRY CO., LTD.**

Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), Plaintiff Blue Spike, LLC ("Blue Spike") files this Motion to Authorize Jurisdictional Discovery From Defendant Guangdong Oppo Electronics Industry Co., Ltd. ("OPPO") and states:

1.      Blue Spike filed its original Complaint in this patent infringement action on October 8, 2013.

2.      On June 30, 2014, OPPO filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). (Dkt. 49). In the motion, Defendant contends that this Court lacks personal jurisdiction over it and should be dismissed.

3.      On July 17, 2014, Blue Spike filed its Response to Defendant's Motion to Dismiss. (Dkt. 50). In its Response, Blue Spike outlined the basis for this Court's jurisdiction over Defendant—namely, that Defendant's infringing products arrive in Texas through the stream of commerce and Defendant knows and intends for its products to arrive in the United States and Texas.

4.      If, however, the Court believes additional evidence on these issues is necessary, Blue Spike requests that the Court enter an Order authorizing Blue Spike to conduct specific jurisdictional discovery regarding Defendants. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978). The Federal Circuit has repeatedly held that where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing of jurisdiction. *See*, *e.g.*, *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Blue Spike has made that showing and now requests jurisdictional discovery to supplement it.

5.      This discovery, attached to this Motion as Exhibits 1 through 3, will primarily ask for information about the following issues: (1) Defendant's knowledge that its products are arriving in the U.S. and this district; (2) Defendant's intent that its products arrive in the U.S. and this district; (3) Defendant's business relationship—operational and organizational—with companies selling products into the United States; (4) Defendant's control over subsidiaries relating to the sale of products into the United States and this district; and (5) Defendant's creation or use of sales networks or relationships that reach into Texas. Other discovery may be necessary as well, but these items are indisputably relevant to Defendant's claims that it has no jurisdictional contact with Texas or this District.

6.      The requested discovery and disclosures will also provide Blue Spike with additional evidence to include in an Amended Complaint and submit in an amended opposition to Defendants' Motions to Dismiss. These are additional reasons for the Court to authorize the requested discovery and disclosures. *See Trintec Industries, Inc. v. Pedre Promotional Products,*

2

*Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where party demonstrates that it can supplement its jurisdictional allegations through discovery); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("jurisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse"); *Keranos, LLC v. Analog Devices, Inc.*, 2011 U.S. Dist. LEXIS 102618, *33-34 (E.D. Tex. Sept. 12, 2011).

7.     Pursuant to Federal Rule of Civil Procedure 26(a) & (d) and Local Rule CV-26(d), and for the reasons stated above, Blue Spike respectfully requests that the Court grant this Motion. Specifically, Blue Spike requests: (1) that it be allowed to propound the attached interrogatories and requests for production to Defendants dealing specifically with jurisdictional issues; (2) that these discovery requests not count against the limited number of discovery requests available to Plaintiff under the Federal Rules of Civil Procedure and this Court's local rules; (3) that it be allowed to depose Rule 30(b)(6) representatives most knowledgeable about the jurisdictional issues raised by Defendants; (4) that the Defendants be ordered to produce all documents and information relevant to its jurisdictional defenses within 30 days; and (5) that Blue Spike be allowed to file an amended Response to Defendants' Motions to Dismiss and an Amended Complaint after conducting this discovery.

WHEREFORE, Blue Spike prays that the Court grant its Motion and enter an order authorizing the requested discovery and mandating the requested disclosures.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea

3

Texas Bar No. 24059967
chonea@ghiplaw.com
Christopher S. Johns
 Texas Bar No. 24044849
 cjohns@ghiplaw.com
Kirk J. Anderson
 California Bar No. 289043
Peter S. Brasher
 California Bar No. 283992
GARTEISER HONEA, P.C.
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-7420
Facsimile:  (888) 908-4400

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Plaintiff and counsel for Defendants had a personal conference by telephone on August 4, 2013.  Peter S. Brasher and I, lead counsel, participated on behalf of the plaintiff. Gus Siller, lead counsel, and Kori Anne Bagrowski participated on behalf of the Defendant, Guangdong Oppo Electronics Industry Co., Ltd. During this conference, the participants gave each other the opportunity to express his or her views concerning the dispute.  Moreover, the participants compared views and discussed the issues in an attempt to resolve their differing views.  The participants sincerely attempted to present the merits of their respective positions and meaningfully assess the relative strength and weaknesses of their positions.  Despite meeting and conferring in good faith, the discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Thus, this motion is opposed.  Local Rule CV-7(i).

/s/ Randall T. Garteiser
Randall T. Garteiser