IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **BLUE SPIKE, LLC,** | § |
| *Plaintiff*, | § Civil Action No. 6:13-CV-679-MHS |
| v. | § LEAD CASE |
| **HUAWEI TECHNOLOGIES CO., LTD.,** *et al.*, | § JURY TRIAL DEMANDED |
| *Defendants*. | § |

**PLAINTIFF BLUE SPIKE, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR JURISDICTIONAL DISCOVERY [DKT. 52]**

Blue Spike, LLC has shown sufficient jurisdictional contacts to demonstrate that Guangdong Oppo Electronics ("Oppo Electronics") is subject to personal jurisdiction in this district. *See generally* Dkt. 50. In the alternative Blue Spike, LLC has requested that the Court grant limited jurisdictional discovery related to Oppo Electronics knowledge of sales of the accused products into the United States.

"If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts… the plaintiff's right to conduct jurisdictional discovery should be sustained." *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)(*quoting Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir., 2003)(internal quotations and citations omitted). When evaluating Blue Spike's jurisdictional showing, the Court must construe the pleadings and affidavits in the light most favorable to Blue Spike. *See Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002).

I.   **Oppo Electronics has knowledge that its products are available for sale in the forum state.**

As Blue Spike, LLC asserted in its opposition to Defendant's motion to dismiss, Oppo Electronics has knowledge that the accused products are available for sale and being sold in the U.S. and Texas. *See* Dkt. 50. The relevant facts are these. Oppo products and accused products are marketed directly to U.S. consumers. *See id*. Exhs. 10-12. The flagship Oppo website for the accused products directed U.S. consumers to purchase the accused products online. *See id*. Exh. 1. The online store is available throughout the U.S. and Texas. The Oppo website states that "Oppo" controls the stream of commerce from the manufacturing floor to the consumer's hands. *See id*. Exh. 9. Oppo Electronics is a holding company exercising control over its subsidiaries. Oppo Electronics has knowledge that the accused products are available and being sold in the U.S. and the forum state.

"Under Fifth Circuit law, placing a product into the stream of commerce, at least where the defendant knows the product will ultimately reach the forum state, ... rise[s] to the level of purposeful availment." *Brooks & Baker, L.L.C. v. Flambeau, Inc.*, No. 2:10-cv-146-TJW-CE, 2011 WL 4591905, at *3 (E.D. Tex. Sept. 30, 2011)(*quoting Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d F.3d 465 (5th Cir. 2006))(internal quotations omitted). Oppo Electronics attempts to distinguish the facts of *Brooks & Baker* but the principal of Fifth Circuit law—a defendant is subject to personal jurisdiction when it knows its products are ultimately arriving in the forum state—is not a factual dispute to be distinguished.

Oppo Electronics states several times in its opposition that Oppo Electronics does not "maintain" a website. *See, e.g.,* Dkt. 54 at 2. Oppo Electronics seems to offer the statement as a legal conclusion that it has no control over nor has knowledge regarding the contents of the website en.oppo.com. However, when the parties first met and conferred related to these issues,

2

Blue Spike presented evidence to Oppo Electronics on the website en.oppo.com. Within one week, the evidence Blue Spike showed to Oppo Electronics was removed from the website. *See* Dkt. 50, at 3. While it may not rise to the level of "maintaining" a website, the fact indicates that Oppo Electronics has some measure of control over and knowledge about the content of the website. Blue Spike has made a sufficient showing to support granting limited jurisdictional discovery. *See Brooks & Baker, L.L.C.*, 2011 WL 4591905, at *3.

## II.  Blue Spike has requested relevant discovery related to Oppo's knowledge and sales of the accused products.

Blue Spike has requested relevant discovery related to Oppo Electronics jurisdictional contacts. Oppo Electronics response is anything but responsive and at best is misrepresentative of the discovery Blue Spike seeks. Blue Spike, LLC submitted seven (7) interrogatories, (9) document requests, and three (3) topics for deposition. *See* Dkt. 52, Exs. 1-3. All the discovery is directed to (1) Defendant's knowledge that the accused products are arriving in the U.S. and this district; (2) Defendant's intent that the accused products arrive in the U.S. and this district; (3) Defendant's business relationship—operational and organizational—with companies manufacturing, selling or marketing products into the United States; (4) Defendant's control over subsidiaries relating to the sale of products into the United States and this district; and (5) Defendant's creation or use of sales networks or relationships that reach into Texas. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forum's] market, including demonstration of [the defendant's] ongoing relationships with retailers in [the forum state]" and the defendant's "knowledge that its products were being shipped to [the forum]"); *In re Fort Totten Metrorail Cases*, 756 F. Supp.

3

2d 132, 138 (D.D.C. 2010) (plaintiff's motion for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

Oppo Electronics confusingly responds to these discovery requests that it is all a fishing expedition to discover corporate information about "unnamed" affiliates, subsidiaries, and/or third parties. *See, e.g.,* Dkt. 54 at 6. Blue Spike, however, in two of its interrogatories, has requested discovery related to two specific entities: Ascension International Trading Co., Ltd. and Oppo Mobile. *See* Exh. A[1]; *see also* Dkt. 52, Exhs. 1-3. Ascension International Trading Co., Ltd. is a retailer of the accused products operating an online store available in this district. *See* Exh. B. To date, Oppo Electronics has not provided any information related to its affiliation with Ascension International Trading Co., Ltd.[2] Oppo Mobile is the entity Oppo Electronics identified as maintaining the website en.oppo.com (*see* Dkt. 51, Exh. 2) which markets the accused products to U.S. consumers and directs U.S. consumers where they can purchase the accused products. *See* Dkt. 50, Exhs. 1, 9, 10. To date, Oppo Electronics has not provided any information about its affiliation with Oppo Mobile, but Oppo Electronics—as demonstrated above—exercises some level of control over the Oppo website. Blue Spike's discovery requests are narrowly directed at Oppo Electronics' knowledge of sales of the accused products in the

---

[1] Exhibit A is an illustrative chart demonstrating the factual basis and relevance of each of Blue Spike, LLC's Interrogatories and the Oppo Electronic's factual assertions in response to Blue Spike's discovery requests.
[2] Oppo Electronics states that Blue Spike, LLC has already identified the U.S. seller of the accused products. However, the issue before the Court is not whether a U.S. seller exists or can be identified. The issue before the Court is whether or not there is sufficient evidence to require Oppo Electronics to explain its connection to, knowledge about, and affiliation with sales and distribution of the accused products in the U.S. and this district. Blue Spike has presented sufficient evidence to meet the Fifth Circuits standard.

forum market, and the control Oppo Electronics exercises over the stream of commerce. The court should grant Blue Spike's request for jurisdictional discovery.

## CONCLUSION

For the above stated reasons, Oppo Electronic's motion to dismiss should be denied. In the alternative, the Court should grant Blue Spike, LLC's motion for jurisdictional discovery.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
  Lead Attorney
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
218 North College Avenue
Tyler, Texas 75702
(903) 705-7420
(888) 908-4400 fax

*Counsel for Blue Spike, LLC*

## CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

    /s/ Randall T. Garteiser
Randall T. Garteiser