**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **BLUE SPIKE, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | **Civil Action No. 6:13-CV-679-MHS** |
| | § | |
| v. | § | **LEAD CASE** |
| | § | |
| **HUAWEI TECHNOLOGIES CO.,** | § | **JURY TRIAL DEMANDED** |
| **LTD.,** *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF BLUE SPIKE LLC'S OPPOSITION TO DEFENDANT XIAOMI
TECHNOLOGY CO. LTD.'S MOTION TO DISMISS [DKT. 65]**

Plaintiff Blue Spike, LLC ("Blue Spike") opposes Xiaomi Technology Co. Ltd.'s ("Xiaomi") motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. No. 65). Dismissal is improper because Xiaomi puts the accused products into the stream of commerce with the knowledge and intent that they will arrive in Texas. Just today, the *Wall Street Journal* cover story highlighted Xiaomi as the "most valuable technology startup . . . [with a] valuation of more than $46 billion." *See* Exhibit 16.  Xiaomi's retail websites and third-party vendors offer and sell the accused products to customers in the United States, including to this jurisdiction. These facts are sufficient to make a prima facie showing supporting the Court's exercise of personal jurisdiction.  Further, it would be inappropriate to dismiss the case before allowing jurisdictional discovery.

## FACTUAL BACKGROUND

Blue Spike brought suit against Xiaomi on October 14, 2013, alleging that certain Xiaomi products infringe U.S. Patent No. 5,745,569 ("'569 Patent").  In particular, Blue Spike accused Xiaomi's Hongmi, MI-1, MI-2, MI-2a, MI-2s, and MI-3 products of infringing Blue Spike's '569 Patent.

1

With its disregard of U.S. patent rights, Xiaomi has overnight become one of the largest smartphone makers, approaching the sales of Samsung and Apple.  (Ex. 1.) Xiaomi has a valuation of over $46 billion and sold 18.7 million smartphones in 2013 and 16 million smartphones in just the third quarter of 2014.  (Exs. 2-4, 16.)

Xiaomi primarily sells its products through its online stores. Xiaomi has garnered praise for its financial success due in part to its lean operations, including little overhead involved with maintaining brick and mortar retail stores.  (Ex. 5.)  Xiaomi sells a substantial portion of its products on its online retail store, www.xiaomishop.com, available of course in the Eastern District of Texas, which operates under the Xiaomi trademark and holds itself out as the "professional retail shop of xiaomi." (Ex. 6.)  On www.xiaomishop.com, U.S. customers buy Xiaomi's infringing products and have them delivered to United States following the instructions on Xiaomi's website. (Exs. 7, 8.)  In fact, Xiaomi's retail website lists the "Estimated Total Delivery Time" to the United States as "8-12 working days," and indicates express shipping via shipping companies such as FedEx, DHL, and UPS can be accomplished in as little as 3-5 days. *Id.*  Any assertion that Xiaomi does not ship its products to the United States, including Texas, is directly controverted by its own website, which claims express shipping can be accomplished in "5-10 days to any country worldwide."  (Ex. 7.)

In addition to its online retail website, Xiaomi sells its products via online vendors or distributors, including U.S.-based mobicity.com, which specifically caters to U.S. markets.  (Exs. 9, 10.)

Additionally, it has U.S. investors including Qualcomm, invests in U.S. technology, and is poised to make major inroads into the U.S. market beginning in January 2015.  (Exs. 11-13.)

Xiaomi is in business in the U.S., and it is disingenuous for it to state the contrary to the Court when it is appearing on the cover of the *Wall Street Journal*.  (Ex. 16.)

## LEGAL STANDARD

In ruling on a motion to dismiss for lack of personal jurisdiction, a trial court must accept plaintiff's uncontroverted, nonconclusory factual allegations as true and resolve all controverted allegations in the plaintiff's favor.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).  If the plaintiff presents a prima facie case supporting jurisdiction, dismissal is improper.  *See id*; *see also Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). In patent cases, the analysis of venue and personal jurisdiction merge.  *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction.").  Accordingly, this opposition only discusses the issue of personal jurisdiction.

## ARGUMENT

**A.   Xiaomi Has Placed Its Products into the Stream of Commerce with the Knowledge and Intent for Them to Arrive in the U.S. and Texas.**

Although Xiaomi claims to lack a variety of Texas connections, the smartphone giant never disputes that its products and services—including the accused products—are actually used in Texas.  *See* Dkt. 65-1.  "No more is usually required to establish specific jurisdiction." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994); *see also Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (in patent infringement cases, personal jurisdiction turns on nature and extent of the commercialization of the accused products or services by defendant in the forum); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("[I]n patent litigation the injury occurs at the place where the infringing activity directly impacts on the interests of the

3

patentee.").  Just this month, two separate Texas-based users of Xiaomi's products sold Xiaomi smartphones via eBay.com, and at least one of these users of Xiaomi's products is located in Allen, Texas within this Court's jurisdiction.  *See* Exs. 14, 15.  These facts are sufficient in and of themselves to establish personal jurisdiction.

The Supreme Court has long recognized the stream of commerce theory as an appropriate foundation for establishing minimum contacts.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980).  Under this alternative basis for personal jurisdiction, "if the sale of a product of a manufacturer . . . is not simply an isolated occurrence, but arises from the efforts of the [defendant] to serve, directly or indirectly, the market for its product . . . , [then] it is not unreasonable to subject [the defendant] to suit."  *Id.* at 297.  A court may properly exercise personal jurisdiction "over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  *Id.* at 297-98. In *Asahi Metal Indus. Co. v. Super. Ct.*, Justice Brennan, writing on behalf of a plurality of justices reasoned that no additional conduct was necessary for satisfying the minimum contacts analysis under a stream of commerce theory.  480 U.S. 102, 117 (1987).  Merely placing the products in the stream of commerce would be sufficient to satisfy minimum contacts because "[a]s long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise."  *Id.*

Xiaomi—the third largest retailer of smartphones in the world—would like this Court to believe (1) that it has never sold any of the accused products to Texans, (2) that it is unaware that the accused products are being sold to the U.S. and Texas, and even (3) that the accused products are used in Texas.  *See*, Dkt. No. 65 at 1-2.  Xiaomi's position is untenable.

The bulk of Xiaomi's smartphone sales are conducted via the Internet, and Xiaomi's own website indicates that the company will ship to the U.S.  *See* Exs. 7, 8.  Additionally, Xiaomi sells the accused products through U.S.-based vendors. *See* Ex. 9. Finally, Xiaomi is even partnered with U.S. companies.  *See, e.g.*, Ex. 10.  It defies logic that Xiaomi would sell such large quantities of the accused products via its website, U.S.-based third-party websites, and U.S. partnerships without knowing the likely destination of the products.

Xiaomi's argument that it does not direct its products to Texas fails because the company has established a distribution channel into the U.S., including, Texas.  *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 U.S. Dist. LEXIS 34767 at *39 (E.D. Tex. Mar. 26, 2009) (rejecting the defendant's argument that there is no personal jurisdiction because defendant is unaware of any sales of its products within the forum state, since the defendant was aware of distributors' efforts to sell defendant's products in the forum state) ("[A] corporation cannot sell its products to national retailers . . . and then claim that it is surprised to be haled into court in a particular State because it was not specifically aware that its products were actually sold or used in that State." (citing *Kernius v. Int'l Elecs., Inc.*, 433 F. Supp. 2d 621, 627 (D. Md. 2006))).

Even if Xiaomi has not made any sales to the United States or Texas via the www.mi.com website, it is certain that sales to Texas have occurred through the www.xiaomishop.com website, which holds itself out as the "professional retail shop of Xiaomi," and which operates under the Xiaomi trademark. *See* Ex. 6.  Furthermore, a number of well-known third-party vendors offer the accused products for sale to customers within the forum state.  *See*, *e.g.* Ex. 9.  Thus, not only is it likely that Texas consumers could purchase the accused products via a number of Xiaomi's websites, but it is likely also true that consumers in Texas have purchased the accused products from various online vendors of which Xiaomi is

almost certainly aware.  By relying on such distribution channels, Xiaomi has purposefully directed its products to the forum state.  The facts establish a prima facie showing of personal jurisdiction.

**B.  Exercising Personal Jurisdiction Over Xiaomi Would Not Offend Fair Play and Substantial Justice.**

It is reasonable for this Court to exercise jurisdiction, and the facts of this case satisfy the minimum requirements of fair play and substantial justice.  In ensuring that an exercise of personal jurisdiction would be reasonable, the Court may assess the following factors: (1) the burden of litigation in this forum on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Avocent Huntsville Corp.*, 552 F.3d at 1331.

Blue Spike and the state's interest in adjudicating this dispute in this forum certainly outweigh the burden on Xiaomi of litigating in this forum. Blue Spike has accused other defendants within this forum of patent infringement, and allowing this case to go forward within the consolidated matter will allow for a single resolution of all legal and factual questions raised by Blue Spike's complaints.  Likewise, the State of Texas has an undeniable interest in meting out the causes of, and ultimately discouraging, injuries that occur within the state.  Given that "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome," the burden on the global smartphone company, Xiaomi, is not sufficient to outweigh Blue Spike's interest and the state of Texas's interest in adjudicating this dispute.  *World-Wide Volkswagen*, 444 U.S. at 294; *see Icon Health & Fitness*, 2009 U.S. Dist. LEXIS 34767 at *43-44 (recommending that defendant's motion to dismiss for lack of personal

jurisdiction be denied and finding personal jurisdiction over Taiwanese manufacturer was reasonably asserted where the plaintiff similarly sued multiple defendants).  Thus the exercise of personal jurisdiction over Xiaomi would not offend fair play and substantial justice.

**C.  It Would Be Improper to Dismiss the Case Before Permitting Jurisdictional Discovery.**

Blue Spike believes it has made a sufficient showing to demonstrate that the Court has personal jurisdiction over Defendant Xiaomi.  The Federal Circuit has repeatedly held that where the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing of jurisdiction.  *See, e.g.*, *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002).  Blue Spike has made such a showing.

In the alternative, Blue Spike requests that the Court permit jurisdictional discovery. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978); *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.").

In light of the evidence already presented (that Xiaomi has sold a substantially large number of smartphone units, that its own retail website indicates the likelihood of sales to the United States, and the availability of Xiaomi's products on U.S.-based vendors' websites to U.S. customers, including, potentially, customers in Texas, and that Xiaomi has a history of investing in or partnering with U.S.-based technology companies), Blue Spike requests discovery related to: (1) Xiaomi's subsidiaries and distributors, (2) the amount of control Xiaomi has over its

subsidiaries and distributors and the Xiaomi websites, including www.xiaomishop.com, (3) Xiaomi's investment activities in the U.S. and its relationship with U.S.-based investors, (4) Xiaomi's existing relationship with U.S.-based companies, including retailers and technology companies, including, but not limited to, those whose technology is employed by the accused products, (5) the number of sales of the accused products to the U.S. and the forum state, and (6) Xiaomi's knowledge of sales and distribution of the accused products to the U.S. and the forum state. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (plaintiff "clearly made a sufficient threshold showing to merit jurisdictional discovery" where "[d]iscovery m[ight] provide pertinent evidence to establish [the defendant's] intent and purpose to serve the [forum state's] market, including . . . [defendant's] knowledge that its products were being shipped to [the forum state]; its design and marketing efforts directed to the U.S. market (including [the forum state]")) (internal punctuation omitted); *see also In re Fort Totten Metrorail Cases*, 756 F. Supp. 2d 132, 138 (D.D.C. 2010) (plaintiff's request for jurisdictional discovery was sufficiently detailed where it stated that plaintiff sought discovery of sales data and defendant's knowledge regarding the ultimate destination of its products).

The requested discovery and disclosures will also provide Blue Spike with additional jurisdictional evidence to include in an amended complaint and amended opposition to Xiaomi's Motion to Dismiss.  These are additional reasons for the court to authorize the requested discovery and disclosures.  *See Trintec Indus., Inc.*, 395 F.3d at 1283 (holding that jurisdictional discovery is appropriate where party demonstrates that it can supplement its jurisdictional allegations through discovery); *Keranos, LLC v. Analog Devices, Inc.*, 2011 U.S. Dist. LEXIS 102618, *33-34 (E.D. Tex. Sept. 12, 2011).

Blue Spike has made a prima facie showing of personal jurisdiction.  If the Court disagrees, it should permit limited jurisdictional discovery before dismissing the case.

## CONCLUSION

For these reasons, Blue Spike respectfully asks the Court to DENY Xiaomi's motion to dismiss for lack of personal jurisdiction and improper venue.  It is not even a close call that the motion should be denied, and it is unfortunate that Xiaomi is making its debut in the U.S. District Court system with misleading statements to this Court.

However, if the Court is not inclined to deny all of Xiaomi's requested relief, in the alternative, Blue Spike asks the Court to postpone ruling on the motion and grant Blue Spike the opportunity to conduct jurisdictional discovery.

Respectfully submitted,

   /s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Christopher S. Johns
  Texas Bar No. 24044849
  cjohns@ghiplaw.com
Kirk J. Anderson
  California Bar No. 289043
Peter S. Brasher
  California Bar No. 283992
GARTEISER HONEA, P.C.
218 N. College Ave.
Tyler, Texas 75702
Telephone:  (903) 705-7420
Facsimile:  (888) 908-4400

*Counsel for Blue Spike, LLC*

**CERTIFICATE OF SERVICE**

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document. I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day. Pursuant to Federal Rule of Civil Procedure 5, this document was served via U.S. Mail and electronic means to counsel for Defendant that are not receiving this document via CM/ECF.

    /s/ Randall T. Garteiser    
Randall T. Garteiser