**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **BLUE SPIKE, LLC,** § § | |
| Plaintiff, § § | |
| vs. § § | CASE NO. 6:13-cv-00679-RWS |
| § | LEAD CASE |
| **HUAWEI TECHNOLOGIES CO., LTD,** § | |
| **ET AL,** § § | |
| **Defendants.** | |

## ORDER

Before the Court is Defendant Xiaomi Technology Co. Ltd.'s ("Xiaomi") Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Docket No. 65).

Xiaomi moves to dismiss Plaintiff Blue Spike, LLC's ("Blue Spike") complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). Xiaomi argues it "has no presence—physical, business, or otherwise—in the United States. Xiaomi does not sell, directly or indirectly, to customers in the United States. Xiaomi does not belong in a U.S. court." Docket No. 71 at 1. Xiaomi provided two declarations from its Senior Director of Marketing, Wei Lai, in support of this statement. Docket Nos. 65-1 (stating that Xiaomi has no offices in the United States, owns no real or personal property or bank accounts in the United States, and does not offer to sell any products in the Unites States, either directly or indirectly through distributor or agents), 71-1 (similar). According to Xiaomi, this shows that Xiaomi "lacks any conceivable connection to the Eastern District of Texas, and its minimal contacts with the United States are insufficient to support personal jurisdiction as a matter of law." Docket No. 71 at 3.

Blue Spike claims that Xiaomi, as the third largest retailer of smartphones in the world, is aware of its products being sold in the United States as Xiaomi "intends them to be." Docket

Nos. 70 at 4, 72 at 1. Blue Spike provides evidence that U.S. customers can purchase Xiaomi products on several domestic and international websites. Docket Nos. 70-8, 70-9, 70-10, 92-1. Blue Spike also requests "the opportunity to depose Wei Lai to evaluate the veracity of [his] obviously biased statements made under penalty of perjury," as well as additional jurisdictional discovery in order to provide "jurisdictional evidence to include in an amended complaint." Docket Nos. 72 at 4, 70 at 8.

Based on the lack of factual allegations in the original complaint and the parties' competing evidence provided in the briefing, jurisdictional discovery is justified in this case. *See Trintec Indus., Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (holding that jurisdictional discovery is appropriate where the existing record is inadequate); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("[J]urisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.").

Accordingly, the Court **GRANTS** Blue Spike's request to conduct discovery on the jurisdictional and venue issues raised by Xiaomi. Blue Spike **SHALL** have **45 days** from the date of this Order to conduct such discovery. Xiaomi's Motion to Dismiss is **DENIED WITHOUT PREJUDICE** to refiling within **10 days** after the completion of jurisdictional discovery.

**So ORDERED and SIGNED this 30th day of September, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE